IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORNA MOSETTI, #77629-083, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:14-CV-4097-M-BK |
| | § | |
| WARDEN Danbury FCI, | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant, a federal prisoner, filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, which was automatically referred to the United States Magistrate Judge. *See* 28 U.S.C. § 636(b) and *Special Order 3*. For the reasons that follow, this case should be summarily dismissed for want of jurisdiction.

**I. BACKGROUND**

Defendant was convicted of conspiracy to commit mail fraud and wire fraud, and was sentenced to 120 months' imprisonment and a two-year term of supervised release, and ordered to pay $1,502,940.53 in restitution. *United States v. Moseti*, 3:11-CR-017-M-1 (N.D. Tex. 2012), *appeal dismissed as frivolous,* 536 Fed. Appx. 499 (5th Cir. Jul. 2013). She unsuccessfully sought relief under 28 U.S.C. § 2255, to reduce her sentence, and for relief from judgment. *See Moseti v. United States*, No. 3:13cv3562-M-BK, 2013 WL 6172127 (N.D. Tex. 2013) (denying section 2255 motion, which challenged, *inter alia,* the application of the United States Sentencing Guidelines); *Moseti v. United States*, No. 3:14-CV-1273-M-BK (N.D. Tex. Jun. 17, 2014) (denying motion to reduce sentence under both Fed. R. Civ. P. 60(b)(6) and 18 U.S.C. § 3582(c)(2) and, insofar as defendant sought section 2255 relief, dismissing motion for want of jurisdiction for failure to obtain prior authorization from the United States Court of

Appeals for the Fifth Circuit to file a successive application); *Moseti v. United States*, No. 3:14-CV-3424, 2014 WL 4707247 (N.D. Tex. Sep. 22, 2014) (accepting magistrate judge's recommendation and denying motion for relief from judgment under Fed. R. Civ. P. 60(b) and, insofar as defendant sought section 2255 relief, dismissing motion for want of jurisdiction for failure to obtain prior authorization to file a successive application).

In this section 2241 petition, Petitioner again seeks to reduce her sentence. She argues the "victim enhancement and the actual loss [are] wrong" and "the 2 levels for obstruction of justice should be eliminated." [Doc. 3 at 5]. In her brief, Petitioner alleges a claim under the savings clause of section 2255. [Doc. 4 at 1-3].

## II. ANALYSIS

Relying on *Bryant v. Warden*, 738 F.3d 1253 (11th Cir. 2013), Petitioner asserts that a section 2241 petition is the proper avenue for seeking relief under the savings clause of section 2255. [Doc. 4 at 1-3]. "Only the custodial court, however, has the jurisdiction to determine whether a petitioner's claims are properly brought under section § 2241 via the savings clause of § 2255." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (per curiam). Because Petitioner is incarcerated at FCI Danbury in Connecticut, this Court lacks jurisdiction to determine whether she may proceed under section 2241. *See Lee v. Wetzel*, 244 F.3d 370 (5th Cir. 2001) (holding court lacked jurisdiction over a section 2241 petition because the petitioner was not incarcerated within that district, and remanding the case with instructions to dismiss without prejudice). Contrary to Petitioner's assertion, the *Bryant* court did not address the jurisdictional question at issue in this case because the petitioner there was confined in the same district in which he had originally been convicted and sentenced, as reflected by a review of the online docket sheet for the Middle District of Florida. *See Bryant*, 738 F.3d at 1262-1274-1284

(addressing instead whether petitioner's claim that he was sentenced above the statutory maximum penalty met the requirement of the savings clause).  Therefore, Petitioner's request for habeas relief under section 2241 and the savings clause of section 2255 should be dismissed without prejudice.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this case be summarily **DISMISSED** without prejudice for want of jurisdiction.

SIGNED January 9, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE